IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MICHAEL M. CHRISTOVICH**                                             **PLAINTIFF**

**v.**                                       **CAUSE NO. 1:15CV372-LG-RHW**

**CHARTIS PROPERTY CASUALTY COMPANY**            **DEFENDANT**

## ORDER DENYING MOTION TO REMAND

BEFORE THE COURT is the [10] Motion to Remand filed by Plaintiff Michael M. Christovich. Having considered the submissions of the parties and the relevant law, the Court finds that the Motion should be denied because at the time of removal the requisite jurisdictional amount was unambiguously stated in the complaint.

### BACKGROUND

On October 6, 2015, Christovich filed a Complaint in the County Court of Pearl River County, Mississippi, against Defendant Chartis Property Casualty Company. Christovich is a Mississippi citizen, and Chartis is a foreign insurer licensed to do business in Mississippi. In the Complaint, Christovich sought actual damages "in the amount of $30,250.00" and "punitive damages in the amount of $169,749.99 . . . ." (Compl. 4, ECF No. 1-2).

The defendant timely removed the state court action to this Court on the basis of diversity jurisdiction, *i.e.*, that the parties are citizens of different states and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. Christovich then filed this Motion to Remand, acknowledging that while he

originally requested $199,999.99 in damages, he will now be seeking no more than $74,999.99 in damages, and, thus, the amount in controversy requirement for diversity jurisdiction is no longer met. Christovich supported his Motion with an Affidavit stipulating to the lower damages amount.

## DISCUSSION

"[O]nce the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction. The jurisdictional facts that support removal must be judged at the time of removal. While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal. Additionally, if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). *See also Jones v. Compass Bancshares Inc.*, 339 F. App'x 410, 411 (5th Cir. 2009) ("It is well established that the amount in controversy is determined at the time of removal. Moreover, an amendment to the complaint limiting damages for jurisdictional purposes cannot divest a federal court of jurisdiction.") (citations, quotation marks, and brackets omitted).

The plaintiff is master of his complaint. Here, there is no dispute that the parties are citizens of different states. It is also apparent from the complaint that

Christovich specifically requested more than $75,000 in compensatory and punitive damages.  Because this Court must evaluate the jurisdictional facts as they exist at the time of removal, Christovich's post-removal affidavit and stipulation are inconsequential.  *See, e.g.*, *Jones*, 339 F. App'x at 411; *see also Gebbia*, 233 F.3d at 883-84 ("Because it was facially apparent that Plaintiff's claimed damages exceeded $75,000, the district court properly disregarded Plaintiff's post-removal affidavit and stipulation for damages less than $75,000, and such affidavit and stipulation did not divest the district court's jurisdiction.").

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [10] Motion to Remand filed by Plaintiff Michael M. Christovich is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that pursuant to L.U.CIV.R. 16(b)(1)(B), the parties will notify the magistrate judge of the order denying the Motion to Remand and submit an order lifting the stay entered December 4, 2015.

**SO ORDERED AND ADJUDGED** this the 4th day of January, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

3